UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEBRA BOURASSA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 06 C 4151 |
| vs. | ) |
| | ) Judge Joan H. Lefkow |
| PRUDENTIAL INSURANCE | ) |
| COMPANY OF AMERICA, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Debra Bourassa ("Bourassa") filed this action against defendant Prudential Insurance Company of America ("Prudential") seeking to recover benefits and enforce her rights under the Employment Retirement Income Security Act of 1974, 29 U.S.C. §§ 1101 *et seq.* ("ERISA"). Prudential has filed a motion to dismiss Bourassa's complaint pursuant to Rule 12(b)(6), Fed. R. Civ. P., alleging that Bourassa failed to exhaust her administrative remedies before filing this lawsuit. The court has jurisdiction over the claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. §1132. For the reasons stated below, Prudential's motion is denied.

## MOTION TO DISMISS STANDARDS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted. *General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). Dismissal is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of its claim that would entitle it to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Kennedy v. Nat'l Juvenile Det. Ass'n*, 187 F.3d 690, 695 (7th Cir. 1999). In ruling on the

motion, the court accepts as true all well pleaded facts alleged in the complaint, and it draws all reasonable inferences from those facts in favor of the plaintiff. *Jackson v. E.J. Brach Corp.*, 176 F.3d 971, 977 (7th Cir. 1999); *Zemke v. City of Chicago*, 100 F.3d 511, 513 (7th Cir. 1996).

## ALLEGATIONS OF THE COMPLAINT

On July 23, 2004, Bourassa ceased employment with Armstrong World Industries ("Armstrong") due to fibromyalgia, chronic fatigue syndrome, and depression. Soon thereafter, on August 10, 2004, Bourassa filed for both short-term and long-term disability benefits under the terms of an employee welfare benefit plan sponsored by Armstrong and underwritten and insured by Prudential ("the plan").

Under the plan, a participant is disabled when Prudential determines that:

- you are unable to perform the material and substantial duties of your regular occupation due to sickness or injury; and

- you have a 20% or more loss in your indexed monthly earnings due to that sickness or injury.

After 24 months of payments, you are disabled when Prudential determines that due to the same sickness or injury, you are unable to perform the duties of any gainful occupation for which you are reasonably fitted by education, training or experience.

Prudential initially determined that Bourassa was not disabled from her regular occupation and denied benefits. Bourassa appealed Prudential's decision, which Prudential then upheld. On August 22, 2005, Bouarassa filed a lawsuit in this court, Case No 05-cv-4845. In February 2006, after Bourassa filed a motion for summary judgment, Prudential agreed to reinstate Bourassa's benefits and Bourassa dismissed her lawsuit with prejudice.

On July 24, 2006, Prudential had made 24 months of payments. At that time, Prudential again terminated Bourassa's benefits, determining that she was not disabled from performing any

2

gainful occupation.

Bourassa did not appeal Prudential's decision. Instead, on August 1, 2006, Bourassa filed the present action, alleging that an appeal would have been futile because Prudential terminated her benefits "in apparent retaliation based upon the outcome of a prior suit brought by Plaintiff against Defendant ...". Complaint at ¶ 2. Prudential now moves to dismiss Bourassa's complaint for failure to exhaust her administrative remedies.

## DISCUSSION

Exhaustion of an ERISA plan's available administrative remedies is a prerequisite to bringing suit under ERISA. *Zhou v. Guardian Life Ins. Co. of America*, 295 F.3d 677, 679 (7th Cir. 2002) (citing *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 873 (7th Cir. 1997). Exhaustion furthers the "goals of minimizing the number of frivolous lawsuits" and allows for the development of a more complete factual record for review. *Id.* (quoting *Gallegos v. Mt. Sinai Medical Ctr.*, 210 F.3d 803, 807-08 (7th Cir. 2000). Failure to exhaust may be excused, however, if a claimant shows that exhaustion of the ERISA plan's appeal procedures would be futile. *Ruttenberg v. United States Life Ins. Co.*, 413 F.3d 652, 662 (7th Cir. 2005) (citations omitted). In order to successfully argue the futility of exhaustion, a claimant must show that "it is certain that [her] claim will be denied on appeal, not merely that [she] doubts an appeal will result in a different decision.'" *Zhou*, 295 F.3d at 680 (quoting *Lindemann v. Mobil Oil Corp.*, 79 F.3d 647, 650 (7th Cir. 1996)). "When a party has proffered no facts indicating that the review procedure that they initiated will not work, the futility exception does not apply." *Id.* "A decision to require exhaustion is committed to the sound discretion of the district court ..." *Ruttenberg*, 4132 F.3d at 662.

3

In this case, Bourassa's conclusional allegation that exhaustion of her administrative remedies would be futile because Prudential terminated her benefits in apparent retaliation for filing her earlier lawsuit is insufficient to survive a motion to dismiss. On its face, Bourassa's complaint indicates that she is not certain that an appeal of Prudential's termination decision would be futile. Bourassa's qualification of her allegation of retaliation with "apparent" indicates that Bourassa merely surmises that exhaustion would be futile. As such, the current allegation does not satisfy the "certainty" element of the futility exception.

Even if Bourassa had not qualified her allegation, though, her complaint would still fail to allege facts sufficient to excuse her failure to exhaust her administrative remedies. Bourassa's allegation of retaliation rests entirely on the fact that Prudential terminated her benefits after the dismissal of her earlier lawsuit. But the inference of retaliation urged by Bourassa is belied by the fact that under the terms of the plan, Prudential was required to make a new determination regarding her eligibility of benefits after 24 months of benefit payments. Thus, while Bourassa's condition may not have changed, the standard by which her eligibility for benefits was determined had, and thus, a new eligibility determination was required under the plan. As a consequence, there is nothing inherently suspicious about Prudential's reconsideration of Bourassa's eligibility in July 2004.

Accordingly, based on the facts alleged in the complaint, there is no basis to conclude that exhaustion would be a meaningless procedural step. In her memorandum in opposition to Prudential's motion to dismiss, however, Bourassa presented factual allegations and exhibits neither referred to nor otherwise incorporated into her complaint. The court has elected not to consider such factual information, opting instead to consider the parties's arguments in the

context of a motion to dismiss and based solely on the allegations of the complaint. But the matters outside the pleading presented by Bourassa suggest that it may be possible for Bourassa to cure the deficiencies in her complaint identified above, and thus, the court grants her leave to amend her complaint within 28 days of entry of this Order. If Bourassa can make good-faith allegations which sufficiently plead futility, the court is obliged to take such allegations as true. As such, any future motions on the issue of futility would be better brought under Rule 56, Fed. R. Civ. P., and based on a more developed factual record, as opposed to simply on the factual allegations in Bourassa's complaint.

## CONCLUSION

For the reasons stated above, Prudential's motion to dismiss [# 7] is denied.

Dated: October 24, 2006         Enter: _____
                                        JOAN HUMPHREY LEFKOW
                                        United States District Judge